## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JORDAN MAJOR,** | * | **CIVIL ACTION NO.:** |
| **Plaintiff** | * | |
| **VERSUS** | * | **JUDGE _____** |
| | * | |
| **GRAND ISLE SHIPYARD, INC.,** | * | **MAGISTRATE JUDGE** |
| **GRAY INSURANCE COMPANY,** | * | **_____** |
| **BLACK ELK ENERGY OFFSHORE** | * | |
| **OPERATIONS, LLC, BERKLEY** | * | |
| **INSURANCE, WOOD GROUP PSN,** | * | |
| **INC., COMPASS ENGINEERING** | * | |
| **AND CONSULTANTS, LLC, DNR** | * | |
| **OFFSHORE & CREWING SERVICES,** | * | |
| **INC.** | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT (JURY TRIAL REQUESTED)

NOW INTO COURT, by and through undersigned counsel, comes plaintiff, Jordan Major, who respectfully shows unto this Honorable Court the following:

### THE PARTIES

1.

Plaintiff, Jordan Major ("Mr. Major"), is a person of full age and majority, and a resident of St. Tammany Parish, Louisiana.

2.

Defendant, Grand Isle Shipyard, Inc. ("GIS"), an oilfield contractor, which may be served through its registered agent, CT Corporation System, 5615 Corporate Blvd., Ste. 400(B), Baton Rouge, Louisiana 70808, is a corporation organized under the laws of the State of Louisiana with its principal place of business in the State of Louisiana.

3.

Defendant, Gray Insurance Company (Gray), is a foreign insurance company authorized to do and doing business in the State of Louisiana, and can be served through its registered agent for service of process, the Louisiana Secretary of State.

4.

Defendant, Black Elk Energy Offshore Operations, LLC ("Black Elk"), is a limited liability company, which may be served through its registered agent, CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808, organized under the laws of the State of Texas with its principal place of business in Houston, Texas.

5.

Defendant, Berkley Insurance, LLC ("Berkley"), a foreign insurance company authorized to do and doing business in the State of Louisiana, and can be served through its registered agent for service of process, the Louisiana Secretary of State.

6.

Defendant, Wood Group PSN, Inc.  ("Wood Group"), which may be served through its registered agent, Corporation Services Company, 320 Somerulos Street, Baton Rouge, LA 70802, is a foreign corporation doing business in this jurisdiction.

7.

Defendant, Compass Engineering and Consultants, LLC ("Compass"), which may be served through its registered agent, Hewitt Brooks Bernard, 2505 South Evangeline Thruway,

Lafayette, LA 70508, is a limited liability company corporation organized under the laws of the State of Louisiana with its principal place of business in Lafayette, Louisiana.

8.

Defendant, DNR Offshore & Crewing Services, Inc. ("DNR"), is a foreign corporation doing business in this jurisdiction.

## JURISDICTION AND VENUE

9.

Plaintiff, Jordan Major, was on the Black Elk West Delta 32 A/E oil platform ("Black Elk platform") located in the Gulf of Mexico when he sustained injury as a result of an explosion and fire on the Black Elk platform, which was owned and operated by Black Elk.

10.

This court has subject matter jurisdiction over this action pursuant to this Court's Federal Question Jurisdiction, 28 U.S.C. § 1331, as this is a civil action where the plaintiff alleges violations of the Constitution, laws, or treaties of the United States.

11.

The Black Elk platform is a fixed platform located on the continental shelf off the coast of Louisiana and is attached to the seabed. The Black Elk platform is an artificial island pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. 1301, et al.

12.

Pursuant to 43 U.S.C. 1333(2)(A), state laws are declared to be the law of the United States for fixed structures that would be within the area of the state if its boundaries were extended seaward to the outer margin of the continental shelf. Consequently, this matter is governed by the state law of Louisiana.

13.

While Louisiana state law governs this matter, the Court has jurisdiction over this action pursuant to 43 U.S.C. 1333(2)(A) which grants federal courts jurisdiction over OCSLA claims while applying state law.

14.

Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2), because a substantial part of the events giving rise to plaintiff's claims occurred in this District. Venue is also proper in this District pursuant to 18 U.S.C. 1965(a) because defendants have agents and/or transact affairs in the Eastern District of Louisiana.

## **FACTS**

15.

Upon information and belief, Black Elk owned the Black Elk platform, which is located in the Gulf of Mexico approximately 17 miles Southeast of Grand Isle, Louisiana in 52 feet of water.

16.

Upon information and belief, Black Elk contracted with the Wood Group to oversee the day-to-day activities on the Black Elk Platform.

17.

Upon information and belief, Black Elk contracted with Compass to oversee the coordination of various construction projects on the Black Elk Platform.

18.

Upon information and belief, Black Elk contracted with GIS to supply workers for the Black Elk platform to install a new piping connection.

19.

Upon information and belief, GIS subcontracted workers from DNR to assist with the installation of the new piping connection.

20.

On or about November 16, 2012, there were approximately 27 individuals working on board the Black Elk platform, including Mr. Major.  Many of these workers were DNR subcontractors supplied by GIS, which were Filipino Nationals and could not speak English.

21.

Mr. Major was on the Black Elk platform on November 16, 2012 to perform work on a WEMCO 44, a device used to separate oil and water.

22.

At the time of the explosion, Mr. Major was employed by Enviro-Tech Systems.

23.

On the morning of November 16, 2012, the workers on the platform woke up, ate breakfast, and went to a safety meeting.  During the safety meeting, a Filipino interpreter was present to translate for the Filipino workers who could not speak or understand the English language.

24.

Following the safety meeting, Mr. Major along with a co-worker began performing work on the WEMCO 44. Workers supplied by GIS were also performing work on an oil tank on the Black Elk platform.

25.

While in the process of working, Mr. Major was standing on top of a tank checking the equipment.

26.

Suddenly and without warning, an explosion occurred. Due the explosion, a massive fire also broke out on the Black Elk platform.

27.

Mr. Major was hit by a strong blast of heat from the exploding tank and was knocked off the tank.

28.

Mr. Major quickly began running to safety. While running, Mr. Major was struck with debris flying through the air in all directions. Additionally, he was nearly killed by a large piece of debris that flew over his head.

29.

As the chaos ensued, Mr. Major continued to run to the main muster area fearing another explosion would occur or that he would be impaled by debris.

30.

After reaching the main muster area, Mr. Major began helping the other injured workers that were covered in oil and suffered extremely bad burns on their bodies. Eventually, Mr. Major was evacuated from the Black Elk platform.

31.

As a result of the explosion and fire, Mr. Major suffered personal injury, emotion trauma, feared for his life, and was generally traumatized by the events that ensued.

32.

The aforementioned Black Elk platform explosion was catastrophic in nature resulting in loss of life, numerous serious injuries, including the injuries suffered by Mr. Major.

33.

The incident was investigated by the Bureau of Safety and Environmental Enforcement ("BSEE"), which issued a letter to Black Elk on November 21, 2012 providing that Black Elk's performance was unacceptable and that Black Elk has a history safety violations, which demonstrates a disregard for the safety of personnel.

## **NEGLIGENCE**

34.

The personal injuries and resultant damages of Mr. Major were proximately caused by the negligence of GIS, pursuant to La. Civ. C. Art. 2315, 2316, in the following non-exclusive list of particulars:

a. Negligent hiring, training, and retention of workers;

b. Negligently entrusting the operations to be carried out on the Black Elk platform to its workers and subcontractors;

c. Failing to properly train contractors and subcontractors working the Black Elk platform;

d. Failing to implement appropriate rules and standards for all Black Elk platform related operations by its employees and subcontractors;

e. Failing to implement appropriate rules and standards for operations on the Black Elk platform;

f. Failure to ensure the safety of the workers aboard the Black Elk platform;

g.   Failure to perform all operations in a safe and work-like manner;

h.   Failure to provide for the safety of all personnel;

i.   Failure to take all necessary precautions to correct and remove any hazardous oil and gas accumulation or other health, safety, or fire hazards; and

j.   Any other act of omission which constitutes negligence and is revealed during discovery or at the time of trial.

35.

The personal injuries and resultant damages of Mr. Major were proximately caused by the negligence of DNR, pursuant to La. Civ. C. Art. 2315, 2316, in the following non-exclusive list of particulars:

a.   Negligent hiring, training, and retention of workers;

b.   Negligently entrusting the operations to be carried out on the Black Elk platform to its workers;

c.   Failing to properly train employees working the Black Elk platform;

d.   Failing to implement appropriate rules and standards for all Black Elk platform related operations by its employees and subcontractors;

e.   Failing to implement appropriate rules and standards for operations on the Black Elk platform;

f.   Failure to ensure the safety of the workers aboard the Black Elk platform;

g.   Failure to perform all operations in a safe and work-like manner;

h.   Failure to provide for the safety of all personnel;

i.   Failure to take all necessary precautions to correct and remove any hazardous oil and gas accumulation or other health, safety, or fire hazards; and

j.   Any other act of omission which constitutes negligence and is revealed during discovery or at the time of trial.

36.

The personal injuries and resultant damages of Mr. Major were proximately caused by the negligence of Black Elk, pursuant to La. Civ. C. Art. 2315, 2316, and 2317.1, in the following non-exclusive list of particulars:

a.   Failing to properly train Black Elk platform personnel;

b.   Failing to implement appropriate rules and standards for all Black Elk platform related operations by its employees and borrowed servants;

c.   Failing to implement appropriate rules and standards for the operation of the Black Elk platform;

d.   Failure to ensure the safety of the workers aboard the Black Elk platform;

e.   Failure to perform all operations in a safe and work-like manner;

f.   Failure to provide for the safety of all personnel;

g.   Failure to take all necessary precaution to correct and remove any hazardous oil and gas accumulation or other health, safety, or fire hazards; and

h.   All other acts of negligence which will be proven at the trial of this matter.

37.

The personal injuries and resultant damages of Mr. Major were proximately caused by the negligence of Wood Group, pursuant to La. Civ. C. Art. 2315, 2316, and 2317.1, in the following non-exclusive list of particulars:

a.   Failing to properly train Black Elk platform personnel;

b.  Failing to implement appropriate rules and standards for all Black Elk platform related operations by its employees, contractors and subcontractors;

c.  Failing to implement appropriate rules and standards for the operation of the Black Elk platform;

d.  Failure to ensure the safety of the workers aboard the Black Elk platform;

e.  Failure to perform all operations in a safe and work-like manner;

f.  Failure to provide for the safety of all personnel;

g.  Failure to take all necessary precaution to correct and remove any hazardous oil and gas accumulation or other health, safety, or fire hazards; and

h.  All other acts of negligence which will be proven at the trial of this matter.

38.

The personal injuries and resultant damages of Mr. Major were proximately caused by the negligence of Compass, pursuant to La. Civ. C. Art. 2315, 2316, and 2317.1, in the following non-exclusive list of particulars:

a.  Failing to properly train Black Elk platform personnel;

b.  Failing to implement appropriate rules and standards for all Black Elk platform related operations by its employees, contractors and subcontractors;

c.  Failing to implement appropriate rules and standards for the operation of the Black Elk platform;

d.  Failure to ensure the safety of the workers aboard the Black Elk platform;

e.  Failure to perform all operations in a safe and work-like manner;

f.  Failure to provide for the safety of all personnel;

g.  Failure to take all necessary precaution to correct and remove any hazardous oil and gas accumulation or other health, safety, or fire hazards; and

h.  All other acts of negligence which will be proven at the trial of this matter.

39.

Upon information and belief, Gray issued a policy of insurance to GIS which was in full force and effect on November 16, 2012 and provides coverage for the claims made by the plaintiff, Jordan Major.

40.

Upon information and belief, Berkley issued a policy of insurance to Black Elk which was in full force and effect on November 16, 2012 and provides coverage for the claims made by the plaintiff, Jordan Major.

## **DAMAGES**

41.

Prior to this accident, Mr. Major was healthy in mind and body.

42.

As a direct and proximate result of the negligence of GIS, Wood Group, Compass, DNR and Black Elk, Mr. Major sustained physical and mental injuries.

43.

Mr. Major is entitled to and seeks to recover all available damages from the defendants, including but not limited to damages for the following non-exclusive categories of loss:

a.  Past and future medical expenses;

b.  Past and future physical pain and suffering;

c.  Past and future mental pain and suffering;

d. Loss of enjoyment of life;

e. Lost wages;

f. Loss of earning capacity;

g. Court costs;

h. Expert witness fees; and

i. Judicial interest.

## JURY DEMAND

44.

Mr. Major hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** plaintiff, Jordan Major, files this civil action against defendants, Grand Isle Shipyard, Inc., Gray Insurance Company, Black Elk Energy Offshore Operations, LLC, Berkley Insurance, LLC, Wood Group PSN, Inc., DNR Offshore & Crewing Services, Inc. and Compass Engineering and Consultants, LLC and demands judgment against defendants in a sum of money which will reasonably compensate plaintiff for the injuries and damages sustained as set forth above, together with attorney's fees, pre-judgment and post-judgment interest, and all costs of these proceedings, along with such other and further relief in favor of the plaintiff as the Court shall deem just and equitable.

Respectfully submitted this 9th day of October, 2013.

> _/s/ Heather M. Nagel_
> MICHAEL R. SISTRUNK, (12111)
> MATTHEW J. GARVER (30513)
> HEATHER M. NAGEL (33296)
> McCranie, Sistrunk, Anzelmo,
> Hardy, McDaniel & Welch, LLC
> 195 Greenbriar Boulevard, Suite 200
> Covington, Louisiana   70433

Telephone:  (504) 831-0946
Facsimile:  (800) 977-8810
Email: mjg@mcsalaw.com
          hmn@mcsalaw.com
Attorneys for Plaintiff Jordan Major